KNIGHTS AND LADIES OF SECURITY v. RUSSELL. (No. 1517.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1919.)

1. INSURANCE ☞723(6)—BENEFIT INSURANCE —FORFEITURE—"LIVER DISEASE."

In action on benefit certificate, falsity of statement in application that applicant had not been treated by a physician for "liver disease" would not be established by showing that applicant had been treated for "biliousness" when he had a "bilious attack," as a "bilious attack" from which applicant completely recovered would not necessarily be a "liver disease," as that term was used in the application.

2. INSURANCE ☞815(4)—BENEFIT INSURANCE —DEFENSES—PLEADING.

Defendant beneficial association cannot invoke breach of warranty involved in alleged misrepresentation in application of member, where such breach is not pleaded.

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by Nellie Smith Russell against the Knights and Ladies of Security. From judgment for plaintiff, defendant appeals. Affirmed.

Chauncey & Davenport, of Wichita Falls, for appellant.

T. F. Hunter, of Wichita Falls, for appellee.

BOYCE, J. Appellee recovered in the trial court judgment against appellant on a benefit certificate issued by appellant on the life of her husband. It is contended on this appeal that this judgment was erroneous because of the falsity of the following representations (which by the terms of the policy became warranties) in the application for insurance: First. That the applicant had never had, or been informed by a physician that he had, or been treated by a physician for, la grippe or liver disease. Second. That

contained in the negative answers to these questions: "Do you drink wine, spirits, or malt liquors? Have you been intoxicated during the past year?" Third. That the applicant had not consulted professionally or been treated by a physician or surgeon within the past five years.

[1] The evidence in support of the first contention is not, in our opinion, so conclusive that the question did not become an issue of fact. A physician testified at first unqualifiedly that several months prior to the making of the application he had treated the applicant for "la grippe liver complications." In other portions of his testimony, however, he shows that defendant was not confined to his bed; that the giving of the medicine on this occasion may have been incidental to his waiting on the sick daughter of the deceased; and that it may have been for "biliousness." The "bilious attack," as he describes it, from which he said deceased completely recovered, would not necessarily be a "liver disease," as that term is used in the application. The Homesteaders v. Stapp, 205 S. W. 745. When the entire testimony of this physician is considered in connection with the testimony of appellee, it is even a matter of uncertainty sufficient to present an issue of fact as to whether he treated the deceased at all prior to the date of the application.

While the testimony as to drinking of intoxicants by deceased may have conclusively shown that he had at times drunk and became intoxicated, it is not conclusively shown that he was intoxicated within the time mentioned in the question, and the evidence tends to show that he had quit drinking some time prior to the date of the application.

[2] Appellant did not plead the breach of warranty involved in the alleged misrepresentation in the application referred to in the third contention above stated. The first representation, referred to, as to disease and treatment therefor, was entirely distinct from the representation as to consultation with a physician, and the pleading of the defendant only refers to the first. Also, as we have already stated, the evidence is not conclusive that deceased was attended by a physician within the time stated.

The judgment of the trial court will be affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes